UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:18-cr-562-T-02JSS

ANDRELLA DE LA ROSA
_____/

### ORDER ON MOTION FOR REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Before the Court is Defendant Andrella De La Rosa's motion for reduction in sentence ("compassionate release") filed pursuant to 18 U.S.C. 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018 (Dkt. 40), and the United States' response in opposition (Dkt. 44). After reviewing the motion and submissions, the Court denies the motion without prejudice.

### Background

Ms. De La Rosa is 61 years old and incarcerated in a federal prison camp in Aliceville, Alabama. She is serving an 18-month prison term for violating her supervised release by selling methamphetamine and cocaine within 1000 feet of a park. Dkt. 38. Her projected release is May 2021. She was initially convicted of conspiracy to distribute methamphetamine and cocaine and sentenced to 120 months in prison followed by five years of supervised release. Dkt. 1-3.

She has been asthmatic for many years, but, according to her medical records, her asthma is controlled with an albuterol inhaler, and she does not contend otherwise.[1] Chronic asthma requiring use of an inhaler, without more, has been found insufficient to justify compassionate release because it is not an extraordinary and compelling reason as required by 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. *United States v. Alexander*, No. 6:18-cr-124-Orl-37GJK, 2020 WL 4345326 (M.D. Fla July 29, 2020) (finding asthma not "more severe" or not adequately treated is not extraordinary and compelling reason). While her good and constructive behavior in prison is commendable, rehabilitation alone will not suffice. 28 U.S.C. § 994(t); *United States v. Feldman*, No. 8:14-cr-521-T-27AEP, 2020 WL 3799530, at *2 (M.D. Fla. July 7, 2020).

### Exhaustion of Administrative Remedies

One of two events must occur before a defendant may file a motion for compassionate release: (1) exhaust all administrative rights to appeal the Bureau of Prisons' failure to bring a motion for defendant; or (2) 30 days' lapse since receipt of the defendant's request by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). Ms. De La Rosa's motion does not assert exhaustion, and no

---

[1] Although she does not allege any other conditions in her motion, her medical records show that her hypertension is also controlled by medication.

records on file show she made a request to the warden to file a motion on her behalf. Although the United States claims that Ms. De La Rosa said she "communicated her request for compassionate release to the warden April 2020 and has failed to receive any response as of June 2020" (Dkt. 44 at 8), such a statement cannot be found in this record. If true, she has complied with administrative exhaustion by the passage of more than 30 days without a response from the warden. Nevertheless, there is no evidence of any such request in the record. *See United States v. Gray*, No. 2:01-00007, 2020 WL 2132948, at *6 (S.D. Ala. May 4, 2020) (denying without prejudice motion for compassionate release based on defendant's asthma and fear of the pandemic, because defendant failed to present any evidence that she first made a request to the warden).

The exhaustion requirement is mandatory and not waivable. *United States v. Rodriguez-Begerano*, No. 8:12-cr-558-T-22AEP, 2020 WL 3000737, at *2 (M.D. Fla. June 4, 2020) (citing *Ross v. Blake*, 136 S. Ct. 1856–57 (2016)); *United States v. Winner*, No. CR 117-034, 2020 WL 2124594, at *1 (S.D. Ga. Apr. 24, 2020) (citing *Ross v. Blake*).[2] The Court is therefore without authority to grant relief.

---

[2] The Eleventh Circuit has not yet ruled on whether the exhaustion requirement of § 3582(c)(1)(A) is subject to waiver under the circumstances of the current pandemic. District courts in this district sometimes cite to a Third Circuit Court of Appeals case as authority for the unavailability of waiver. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *5 (M.D. Fla. May 15, 2020) (citing *Raia*); *United States v. Thomas*, No. 6:10-cr-35-Orl-28GJK, 2020 WL 4551531, at *2 (M.D. Fla. Aug. 6, 2020) (citing *Raia* and *Smith*).

3

*United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020) (holding it had no authority absent exhaustion of remedies to grant relief under § 3582(c)(1)(A)(i)); *United States v. Israel*, No. 95-00314, 2020 WL 3893987, at *8 (S.D. Fla. July 10, 2020) (citing cases holding no authority to consider release absent exhaustion).

## Other Requirements

Even if Ms. De La Rosa had exhausted her administrative remedies or the Court had the authority to waive exhaustion, Ms. De La Rosa fails 1) to allege any extraordinary and compelling reason, 2) to satisfy the § 3553(a) factors, and 3) to demonstrate she is not a danger to the community.  She alleges only treatable asthma, which is supported by her medical records and which by itself is not an extraordinary and compelling reason for release from prison.  *Alexander*; *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *7 (M.D. Fla. May 15, 2020) (finding asthma coupled with possibility of contracting virus, COVID 19, does not constitute extraordinary and compelling reason).

Additionally, the § 3553(a) factors weigh against her release.  Her 120-month prison sentence reflects the seriousness of the crime of trafficking in narcotics and protects the public from drug-related offenses.  Notably, upon her early release from prison, she promptly violated supervised release by again selling the very same drugs, this time within 1000 feet of a park.  This fact further weighs

against a finding that she is not a danger to others or the community.  18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).

Accordingly, Defendant's motion (Dkt. 40) is denied without prejudice because Defendant has not exhausted all administrative remedies, nor have 30 days lapsed since receipt of the Defendant's request by the warden of Defendant's facility.  Defendant may file a renewed motion once eligible under the terms of the statute.

**DONE AND ORDERED** at Tampa, Florida, on August 21, 2020.

_____
WILLIAM F. JUNG
**UNITED STATES DISTRICT JUDGE**